**YU QIANG CHEN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

No. 08–3509–ag.

United States Court of Appeals, Second Circuit.

March 4, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Feng Li, Law Office of Fengling Liu, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Stephen J. Flynn, Assistant Director, Linda A. Do, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Yu Qiang Chen, a native and citizen of China, seeks review of a June 27, 2008 order of the BIA affirming the July 6, 2006 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, denying his application for asylum, withholding of removal, and relief under the Convention against Torture ("CAT"). *In re Yu Qiang Chen*, No. A200 003 519 (B.I.A. June 27, 2008), *aff'g* No. A200 003 519 (Immig. Ct. N.Y. City July 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive un-less any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, Chen has waived his CAT claim by failing to raise it in his brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). In addition, the agency properly denied Chen's asylum claim based on his failure to establish a nexus to a protected ground. 8 U.S.C. § 1101(a)(42). Even if the police were corrupt and colluded with the gangsters in their extortion, as Chen argues, he has nonetheless failed to establish that either the police or the gangsters harmed or attempted to harm him on account of his political opinion or any other protected ground. *See id.* To establish persecution on account of political opinion, Chen was required to demonstrate that the police or the gangsters, or both, were motivated, at least in part, by their perception of Chen's political opinion, rather than their desire for material profit. *See Yueqing Zhang,* 426 F.3d at 545. Chen has presented no evidence that either the gangsters or the police acted to suppress any effort on his part to oppose the government or express a particular political opinion. *See id.* at 545, 548. Although Chen refused to pay the protection fee, he did not do so as a "challenge to the governing institution," and there is no evidence that the police or the gangsters perceived Chen as attempting to mount such a challenge. *See id.* at 548. Indeed, there is no evidence that the gangsters' extortion and the alleged collusion of the police with the gangsters were anything other than "isolated, aberrational acts of greed and malfeasance." *Id.*

Accordingly, the agency did not err in denying Chen's asylum claim based on the lack of a nexus to a protected ground. Because Chen's asylum claim fails, his claim for withholding of removal, which holds the applicant to a higher burden of proof, also fails. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.